**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation, | ) ) ) | |
| | ) | Case No. 08-cv-02213 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Hon. William T. Hart |
| HANDLER, THAYER & DUGGIN, LLC, an Illinois limited liability company; THOMAS J. HANDLER; STEVEN J. THAYER; JAMES M. DUGGAN; and GREGORY J. BERTSCH, | ) ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) | |

---

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

---

Katherine Smith Dedrick (6185314)
Childress Duffy Goldblatt, Ltd.
515 N. State St.
Suite 2200
Chicago, Illinois 60610
312.494.0200
Fax: 312.494.0202

Richard Del Giudice (06190103)
Gozdecki & Del Giudice, LLP
221 North LaSalle Street
Suite 2200
Chicago, Illinois  60601
312.782.5010
Fax:  312.782.4324

## <u>TABLE OF CONTENTS</u>

Table of Authorities ...................................................................................................i - ii

I.      Introduction.............................................................................................................1

II.     Plaintiff's Action Is Not Ripe and Thus Must Be Dismissed
        Pursuant to Fed. R. Civ. P. 12(b)(1) ......................................................................2

III.    Plaintiff Seeks Declarations Regarding Ultimate Issues of
        Fact in the Underlying Actions and Thus Its Complaint Must
        Be Dismissed or in the Alternative Stayed Pursuant to
        Fed. R. Civ. P. 12(b)(6).........................................................................................4

IV.     Conclusion/Relief Requested.................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*American Family Mutual Ins. Co. v. Savickas,*
  193 Ill. 2d 378, 739 N.E.2d 445 (2000) ...................................................................... 5

*Associated Indemnity Co. v. Ins. Co. of North America,*
  68 Ill. App. 3d 807, 386 N.E.2d 529 (1st Dist. 1979) ................................................. 5

*Corcoran v. Chicago Park Dist.*, 875 F.2d 609 (7th Cir. 1989) ....................................... 4

*Doran v. CPC Int'l, Inc.,* 776 F. Supp. 368 (N.D. Ill. 1991) .......................................... 4

*Grinnell Mut. Reins. Co. v. Reinke,* 43 F.3d 1152 (7th Cir. 1995) ............................. 2, 3

*Grinnell Mut. Reins. Co. v. Friedich,*
  79 Ill. App. 3d 1146, 399 N.E.2d 252 (5th Dist. 1979) ............................................. 9

*Illinois State Bar Association Mutual Ins. Co. v. Coregis Ins. Co.,*
  355 Ill. App. 3d 156, 821 N.E.2d 706 (1st Dist. 2004) ............................................. 10

*Jupiter Aluminum Corp. v. Home Ins. Co.*
  *and Hartford Steam Boiler Inspection and Ins. Co.,*
  225 F.3d 868 (7th Cir. 2000) ...................................................................................... 4

*Lapham-Hickey Steel Corp. v. Protection Mutual Ins. Co.,*
  166 Ill. 2d 520, 655 N.E.2d 842 (1995) ..................................................................... 4

*Maryland Cas. Co. v. Peppers,* 64 Ill. 2d 187, 355 N.E.2d 24 (1976) ...................... 5, 9

*Murphy v. Urso,* 88 Ill. 2d 444, 430 N.E.2d 1079 (1981) .......................................... 2, 5

*Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co.,*
  976 F.2d 1037 (7th Cir. 1992) .................................................................................... 3

*State Farm Fire & Cas. Co. v. Leverton,*
    289 Ill. App. 3d 855, 683 N.E.2d 476 (4th Dist. 1997) ............................................. 5

*State Farm Fire & Cas. Co. v. Shelton,*
    176 Ill. App. 3d 858, 531 N.E.2d 913 (1st Dist. 1988) .................................... 5, 9, 10

*Tews Funeral Home, Inc. v. Ohio Cas. Ins. Co.,*
    832 F.2d 1037 (7th Cir. 1987) ................................................................................ 3

*Thornton v. Paul,* 74 Ill. 2d 132, 384 N.E.2d 335 (1978) .............................................. 5

*Travelers Ins. Cos. v. Penda Corp.,* 974 F.2d 823 (7th Cir. 1992) ................................. 3

**Rules**

Federal Rules of Civil Procedure 12(b)(1) ..................................................................... 1, 2

Federal Rules of Civil Procedure 12(b)(6) ..................................................................... 1, 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation, | ) ) ) | |
| | ) | Case No. 08-cv-02213 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Hon. William T. Hart |
| HANDLER, THAYER & DUGGIN, LLC, an Illinois limited liability company; THOMAS J. HANDLER; STEVEN J. THAYER; JAMES M. DUGGAN; and GREGORY J. BERTSCH, | ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Now come Defendants, Handler, Thayer & Duggan, LLC; Thomas J. Handler; Steven J. Thayer; James M. Duggan; and Gregory J Bertsch, (collectively "HTD") and for their Memorandum in Support of their Motion to Dismiss or in the Alternative Stay Plaintiff Great American Insurance Company's ("Great American") Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) state as follows:

## I. INTRODUCTION

HTD is a law firm based in Chicago and is currently one of numerous defendants in ongoing Multi-District Litigation consisting of three separate actions pending in the U.S. District Court, Eastern District of Kentucky (Central Division) ("the *MDL* litigation"), as well as separate litigation pending in the U.S. District Court, Eastern District of Wisconsin ("the *MacDonald* litigation") (collectively "the underlying litigation"). Since October 6, 2001, HTD has purchased its professional liability insurance from Great American.

1

136091

Because of the filing of the *MDL* and *MacDonald* litigation pending against HTD, Great American seeks a number of declaratory judgments from this Court regarding its obligations under one of the six Professional Liability Policies it issued to HTD: policy no. LPL 665-41-57 05 for the October 6, 2006 to 2007 year ("the Policy).     However, Great American seeks declarations regarding indemnity, rescission, reformation and other obligations which are either not ripe for determination or premature as they require the determination of ultimate issues of fact in the *MDL* and *MacDonald* litigation and thus may not proceed before this Court at this time.  *Grinnell Mut. Reins. Co. v. Reinke,* 43 F.3d 1152, 1154 (7th Cir. 1995); *Murphy v. Urso,* 88 Ill. 2d 444, 456-457, 430 N.E.2d 1079, 1084 (1981).

One prime example of the need for the protection afforded insureds by the aforementioned decisions was demonstrated by Great American's initial complaint (which it later moved to withdraw), where it set forth its intent to rely, in part, on attorney client and/or work product privileged communications between HTD and its clients and HTD and its own defense lawyers; all of which would serve to breach these privileges which are being preserved and protected in the *MDL* and *MacDonald* ongoing litigation.

## II. PLAINTIFF'S ACTION IS NOT RIPE AND THUS MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1)

Great American seeks to have this Court issue a declaratory judgment concerning potential liability and damages that have not yet been determined or defined (Counts III and IV of the Amended Complaint).  The *MDL* and *MacDonald* litigation, which form the basis of Great American's request regarding indemnity, are in their infancy and involve multiple causes of action and defendants.  Neither the existence of liability, nor the source and nature of any cause giving rise to liability, has been determined in those actions.  Certainly, no type or amount of

damage has been determined or assessed against any of the multiple defendants involved in those underlying actions.

Seventh Circuit law has long been settled that a request for a declaratory judgment regarding indemnification is not ripe for adjudication until liability has first been determined and defined in the underlying actions. See, e.g., *Grinnell Mut. Reins. Co. v. Reinke,* 43 F.3d 1152, 1154 (7th Cir. 1995) ("[The] duty to indemnify [i]s unripe until the insured has been held liable."); *Travelers Ins. Cos. v. Penda Corp.,* 974 F.2d 823, 833 (7th Cir. 1992) ("[T]he determination of whether [defendant] has a duty to indemnify is not ripe until the underlying litigation is terminated.").

The prematurity of Great American's request for a declaration regarding indemnity is particularly striking as one of the issues of ultimate fact in the underlying litigation involves whether HTD's conduct constituted marketing activities; an allegation which HTD unequivocally denies. In the case at bar, Great American bases its argument and request for a determination regarding indemnity on whether the "alleged marketing activities …constitute defined Professional Legal Services…." Amended Complaint pars. 70 - 77. In addition, no damages have been assessed in the underlying litigation so to make the type of decision requested by Great American in Count IV of its Amended Complaint regarding the type of damages which might be assessed is premature. Amended Complaint pars. 80 – 85.

The Seventh Circuit has strongly emphasized that declaratory judgment actions should be dismissed for lack of ripeness where, as here, resolution of the indemnity issue "depends upon an analysis of the type of relief, if any, ultimately obtained in [the underlying] suit." *Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co.,* 976 F.2d 1037, 1042 (7th Cir. 1992); *Tews Funeral Home, Inc. v. Ohio Cas. Ins. Co.,* 832 F.2d 1037, 1047 (7th Cir. 1987) ("Illinois courts

have clearly stated that such a determination is premature while the underlying action is pending

if the indemnity decision would require a court to adjudicate facts in the underlying dispute."); 

*Doran v. CPC Int'l, Inc.,* 776 F. Supp. 368, 375 (N.D. Ill. 1991) ("Continental's duty to

indemnify CPC hinges on a conclusion that Doran's accident 'arose out of Super Electric's

work,' which in turn is contingent upon a determination of the relative culpability of CPC and

Super Electric.  Because these questions depend on facts to be adjudicated in the pending *Doran*

suit, an untimely determination of coverage in this declaratory action could subsequently

prejudice the parties in the underlying action ....").

Accordingly, Great American's request for declarations regarding indemnity in Counts

III and IV of its Amended Complaint should be dismissed.

### III.  PLAINTIFF SEEKS DECLARATIONS REGARDING ULTIMATE ISSUES OF FACT IN THE UNDERLYING ACTIONS AND THUS ITS COMPLAINT MUST BE DISMISSED OR IN THE ALTERNATIVE STAYED PURSUANT TO FED. R. CIV. P. 12(b)(6)

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted where a

complaint fails to state a claim upon which relief may be granted.  *Corcoran v. Chicago Park*

*Dist.*, 875 F.2d 609, 611 (7th Cir. 1989).  In the present action, Great American seeks declarations

regarding rescission, reformation, indemnity and other obligations, all of which involve the

determination of ultimate issues of fact in the pending *MDL* and *MacDonald* litigation.  Under

Illinois law,[1] it is axiomatic that declaratory judgment actions are inappropriate where the

declaration would require a determination of ultimate facts which are at issue in the underlying

---

[1] Jurisdiction is based on diversity and Illinois choice of law applies, which for contract disputes is the most significant contacts.  In this case Illinois has the most significant contacts as the named insured HTD is located in Illinois, the policy was delivered in Illinois, the place of performance and the domicile of the insured are all in Illinois.  *Lapham-Hickey Steel Corp. v. Protection Mutual Ins. Co.*, 166 Ill. 2d 520, 655 N.E.2d 842 (1995) While all factors are examined, special emphasis is given to the location of the insured, which is Illinois.  *Jupiter Aluminum Corp. v. Home Ins. Co. and Hartford Steam Boiler Inspection and Ins. Co.*, 225 F.3d 868 (7th Cir. 2000).

136091

litigation. *Maryland Cas. Co. v. Peppers,* 64 Ill. 2d 187, 197, 335 N.E.2d 24, 30 (1976); *Thornton v. Paul,* 74 Ill. 2d 132, 159, 384 N.E.2d 335, 346 (1978), overruled on other grounds by *American Family Mutual Ins. Co. v. Savickas,* 193 Ill. 2d 378, 387, 739 N.E.2d 445, 451 (2000); *Murphy v. Urso,* 88 Ill. 2d 444, 456-457, 430 N.E.2d 1079, 1084 (1981); *Associated Indemnity Co. v. Ins. Co. of North America,* 68 Ill. App. 3d 807, 822, 386 N.E.2d 529, 540-541 (1st Dist. 1979); *State Farm Fire & Cas. Co. v. Shelton,* 176 Ill. App. 3d 858, 864, 531 N.E.2d 913, 917 (1st Dist. 1988); *State Farm Fire & Cas. Co. v. Leverton,* 289 Ill. App. 3d 855, 858, 683 N.E.2d 476, 479 (4th Dist. 1997).

The Illinois Supreme Court in *Peppers* held that it is improper for a trial court to decide issues raised in a declaratory judgment action prior to the resolution of those issues in an underlying action, where resolution of the issues in the declaratory judgment action would decide "ultimate facts upon which recovery is predicated" in the underlying action. *Peppers,* 64 Ill. 2d at 197, 355 N.E.2d at 30. In *Peppers,* the insurer was attempting to proceed in the declaratory judgment action on an intentional injury exclusion. The Supreme Court found that because a finding in the declaratory judgment action that the injury was intentional may establish the allegations of the assault pleaded in the underlying complaint, the declaratory judgment action was premature.

Based upon this well-established line of cases, it is clear that Great American's declaratory judgment action is premature. HTD tendered the *MDL* and *MacDonald* litigation to Great American seeking defense and indemnity under the Policy. Now, more than 18 months after the Policy was issued, Great American seeks to rescind or reform the Policy, arguing that HTD made material misrepresentations in the application for renewal. Specifically, Great American seeks to prove that HTD knew of "incidents, circumstances, errors, omission [sic] or

136091

offenses which may result in a claim being made against [the firm] or any individual" that were not disclosed in the application for renewal.   In fact, Great American admits that the same matters it seeks to address in the case at bar are at issue in the underlying litigation by alleging, "the facts misrepresented and/or omitted by Defendants have now given rise to claims against them in litigation pending in Kentucky and Wisconsin."  Amended Complaint par. 1.

The issue before this Court as posited by Great American is: whether reasonable attorneys in HTD's position would have anticipated a claim, which necessarily requires focusing on the "facts known to HTD when it applied for the Policy" (quoted from a title and the standard relied upon by Great American in its Amended Complaint p. 8).  This necessarily involves:

- HTD's opinions and knowledge regarding the validity of its tax opinions (which are directly at issue in the *MDL* and *MacDonald* litigation) (see *Raifman*'s First Amended Complaint[2] pars. 211-221. *See also*, *Canterbury Farm*s' Second Amended Complaint sounding in Professional Malpractice pars. 278-290, Negligent Misrepresentation pars. 291-294; *West Hills*' Third Amended Complaint sounding in Negligent Misrepresentation pars. 387-398; *MacDonald* Complaint sounding in Legal Malpractice pars. 81-96, Negligent Misrepresentation pars. 58-71);

- privileged conversations with their clients and their client's privileged file documents (at issue and protected in the *MDL* and *MacDonald* litigation) (*see* Great American's Amended Complaint par. 62 denoting its intent to rely on privileged HTD client files to prove its case);

- whether HTD received commissions (at issue in the *MDL* and *MacDonald* litigation) (*see* Great American's Amended Complaint pars. 19 and 76) (*West Hills*' Third Amended Complaint pars. 21, 80, 83, 181, 398; *MacDonald* Complaint pars 35-37, 52-57); and

- whether HTD performed marketing services (*see* Great American's Amended Complaint pars. 19 and 56(b)) (*Raifman*'s First Amended Complaint pars. 71, 113-127, 139-149; *Canterbury Far*ms' Second Amended Complaint pars. 4, 39; *West Hills*' Third Amended Complaint pars. 2, 80, 83, 181, 398; *MacDonald* Complaint 35-37, 52-57).

For instance, the following is alleged, in part, in the *Raifman* First Amended Complaint which is part of the *MDL* litigation:

---

[2] See Exhibits "B," "C," "D" and "E" of Great American's Amended Complaint for copies of the *West Hills*, *Raifman*, *Canterbury Farms*, and *MacDonald* respective complaints.

**"General Allegations"**

"The Defendants … also marketed the Mare Lease Programs and represented the programs as complying with IRS guidelines for generating certain tax benefits.  For example, Defendants, unequivocally represented that, by following their recommendations regarding participation in the Mare Lease Program, participants could properly deduct the value of the Mare Lease Program as ordinary business expenses on their income tax returns.  Defendants were aided and abetted in those representations by [HTD] … the law firm … who provided written opinions included and used as part of Defendants' marketing materials, and, in the case of  [HTD], directly to Plaintiffs ….  Complaint par. 60.

\*\*\*

"Defendants were aided and abetted in their fraudulent activities by [HTD] … who asserted the marketing and promotion of the scheme by purporting to provide tax and other opinions regarding the validity of the Mare Lease Programs.  The opinions of these professionals provided legitimacy for the overall scheme.  Without the overlay of these professionals adding legitimacy to the programs, Defendants would have been unable to induce Plaintiffs and others to participate in the programs.  The role of these professionals in the marketing gave the impression of viability and lawfulness of the programs and to assist in promoting and marketing the programs; the participation, opinions and presentations of the lawyers and accountants were instrumental in the decision of Plaintiffs and others to participate and continue such participation …." Complaint par. 71.

\*\*\*

**"Second Claim for Relief – Common Law Fraud – Against all Defendants"**

"Defendants … [HTD] … knew that the representations of other Defendants and their own representations regarding the validity of the Mare Lease Program were false, or were made with reckless disregard as to the truth or falsity thereof, and made their personal presentations and gave their opinions knowing they were false or were made with reckless disregard as to the truth or falsity thereof."  Complaint par 131, *see also* pars. 128-138 and Aiding and Abetting Common Law Fraud pars. 139-149. *See also MacDonald* Complaint sounding in Fraud (pars. 97-101),

136091

Intentional Misrepresentation (pars. 72-75) and Strict Liability Misrepresentation (pars. 76-80).

*\*\**

"**Fourteenth Claim for Relief – Negligence –
Against All Defendants and DOES 1-1000**"

"[HTD] … directly or indirectly, negligently developed, structured, marketed, promoted and/or executed the Mare Lease Program and/or the Purchase and Exchange Program when they knew, or should have known, that the programs were not viable, that the tax attributes likely would not pass muster under IRS Code requirements and that Plaintiffs'' business interest in the programs would become worthless. Par. 212. Defendants … breached their duties and were negligent in their actions, misrepresentations and omissions towards Plaintiffs, including that they … marketed, promoted, advised and recommended that Plaintiffs engage in the Mare Lease Program and/or the Purchase Exchange Program as viable programs when they were not; … advised Plaintiffs that the tax attributes in the programs as represented were legitimate, proper  and in accordance with all applicable tax laws, rules and regulations; … failed to advise Plaintiffs that if they filed tax returns claiming losses based on the tax attributes represented in the programs that Plaintiffs would be audited and all of their tax positions (based on those representations) potentially disallowed with potential exposure for interest and penalties as well as additional tax;… failed to advise Plaintiffs that Defendants, or some of them, had engaged in criminal conduct justifying a criminal investigation by the IRS. Par. 214.  Defendants … knew or should have known that the programs were not viable and that the IRS would challenge the tax positions … Par. 215. *See also*, pars. 211-221. *See also*, *Canterbury Farms*' Second Amended Complaint sounding in Professional Malpractice pars. 278-290, Negligent Misrepresentation pars. 291-294; *West Hills*' Third Amended Complaint sounding in Negligent Misrepresentation pars. 387-398; *MacDonald* Complaint sounding in Legal Malpractice pars. 81-96, Negligent Misrepresentation pars. 58-71."

Moreover, that privileges between HTD and its clients and HTD and its own defense counsel in the *MDL* and *MacDonald* litigation will be breached if the declaratory judgment is allowed to proceed, is evident by the fact that Great American's original complaint was chocked full of privileged information which should never have been divulged in a public forum.  Clearly,

Great American hopes to rely on such information (to which HTD objects) in an effort to prove its case.[3]

When Great American's Complaint is reviewed in its entirety, it is wholly evident that the declaratory judgment action would decide ultimate facts upon which recovery is predicated in the underlying actions. As set forth in the preceding paragraphs, Great American's Complaint incorporates many of the facts and issues to be determined in the underlying actions. If the Court were to determine such facts and issues in this action, the Court would improperly be determining ultimate facts upon which recovery in the underlying action is predicated. Thus, the declaratory judgment action is premature and should be stayed.

Where a declaratory judgment action is premature, Illinois courts dismiss or stay the action pending the outcome of the underlying suit. *Maryland Cas. Co. v. Peppers,* 64 Ill. 2d 187, 197, 355 N.E.2d 24, 30 (1976); *State Farm Fire & Cas. Co. v. Shelton,* 176 Ill. App. 3d 858, 864, 531 N.E.2d 913, 917 (1st Dist. 1988); *Grinnell Mut. Reins. Co. v. Friedich,* 79 Ill. App. 3d 1146, 1150-1151, 399 N.E.2d 252, 256 (5th Dist. 1979). In *Shelton,* the insurer sought a declaratory judgment action that it had no duty to defend or indemnify its insured for a wrongful death action. The insurer claimed that the insured's conduct in the underlying shooting caused an intentional and expected injury, which was excluded under the policy. The insured argued that the declaratory judgment action was premature, because the underlying tort suit had not been resolved and the court's decision in the declaratory action on the nature of the insured's conduct may improperly resolve contested issues in the underlying tort litigation. The *Shelton* court ultimately held that it could not determine disputed factual issues that are crucial to the insured's liability in the underlying lawsuit. The court also instructed the declaratory judgment court to

---

[3] It must be noted that the plaintiffs in the *MDL* and *MacDonald* litigation seek damages in the millions.

136091

either dismiss the proceedings without prejudice or stay the matter pending resolution of the underlying action. *Shelton,* 176 Ill. App. 3d at 868, 531 N.E.2d at 920.

Similarly, in *Illinois State Bar Association Mutual Ins. Co. v. Coregis Ins. Co.,* 355 Ill. App. 3d 156, 171, 821 N.E.2d 706, 718 (1st Dist. 2004), the appellate court articulated that the determination of a declaratory judgment action, as to whether an insurer waived its right to rescind a professional liability policy issued to a law firm based on material misrepresentation in the renewal application, would likely have been premature until the underlying lawsuit alleging attorney malpractice was resolved. In *Coregis,* however, the underlying action was in fact resolved prior to the determination by the court of the issue of rescission.

Accordingly, the declarations and relief sought in Great American's Amended Complaint require the determination of ultimate issues of fact in the underlying litigation. This declaratory judgment action should not be allowed to proceed at this time.

## IV.  CONCLUSION/RELIEF REQUESTED

WHEREFORE, for the reasons set forth herein, Defendants Handler, Thayer & Duggan, LLC; Thomas J. Handler; Steven J. Thayer; James M. Duggan; and Gregory J Bertsch, respectfully request that this Court dismiss or in the alternative stay Plaintiffs' Amended Complaint and for any and all other relief requested herein.

Respectfully submitted,

HANDLER, THAYER & DUGGIN, LLC, THOMAS J. HANDLER; STEVEN J. THAYER; JAMES M. DUGGAN; and GREGORY J. BERTSCH

___ s/  Katherine Smith Dedrick_____
One of Defendants' Attorneys

10

136091

Katherine Smith Dedrick (6185314)          Richard Del Giudice (06190103)
Childress Duffy Goldblatt, Ltd.            Gozdecki & Del Giudice, LLP
515 N. State St.                           221 North LaSalle Street
Suite 2200                                 Suite 2200
Chicago, Illinois 60610                    Chicago, Illinois 60601
312.494.0200                               312.782.5010
Fax:  312.494.0202                         Fax:  312.782.4324

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record pursuant to ECF as to Filing Users on this the 15th day of May, 2008.

_s/ Katherine Smith Dedrick_

Katherine Smith Dedrick (6185314)
Childress Duffy Goldblatt, Ltd.
515 N. State Street
Suite 2200
Chicago, Illinois 60610
312.494.0200
Fax:  312.494.0202

11

## SERVICE LIST

Scott O. Reed
Eric J. Marler
Reardon Golinkin & Reed
111 W. Washington Street
Suite 707
Chicago, Illinois  60602
312.855.3700
Fax:  312.855.1089
sreed@rgrlaw.com
emarler@rgrlaw.com

Richard Del Giudice
David S. Americus
Earl E. Farkas
Gozdecki & Del Giudice, LLP
221 North LaSalle Street
Suite 2200
Chicago, Illinois 60601
312.782.5010
Fax:  312.782.4324
r.delgiudice@gozdel.com
d.americus@gozdel.com
e.farkas@gozdel.com

136091