IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation, | ) ) ) Case No. 08-cv-02213 |
| Plaintiffs, | ) ) |
| vs. | ) Hon. William T. Hart ) |
| HANDLER, THAYER & DUGGIN, LLC, an Illinois limited liability company; THOMAS J. HANDLER; STEVEN J. THAYER; JAMES M. DUGGAN; and GREGORY J. BERTSCH, | ) Magistrate Judge Mason ) ) ) ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS I & II**

Katherine Smith Dedrick (6185314)
Childress Duffy Goldblatt, Ltd.
515 N. State St.
Suite 2200
Chicago, Illinois 60610
312.494.0200
Fax: 312.494.0202

Richard Del Giudice (06190103)
Gozdecki & Del Giudice, LLP
221 North LaSalle Street
Suite 2200
Chicago, Illinois 60601
312.782.5010
Fax: 312.782.4324

# TABLE OF AUTHORITIES

**Cases**

*Addison Ins. Co. v. Maynard*,
2008 WL 2079143 (D. Colo. May 15, 2008) .................................................................... 6, 7

*Allianz Ins. Co. v. Guidant Corp.*,
355 Ill. App. 3d 721, 839 N.E.2d 113 (2nd Dist. 2005) ....................................................... 9

*Colorado River Water Conservation Dist. v. United States,*
424 U.S. 800 (1976) ............................................................................................................ 7

*Continental Cas. Co. v. Southern. Co.*,
284 F. Supp. 2d 1118 (N.D. Ill 2003) .............................................................................. 7, 8

*General Agents Ins. Co. v. Midwest Sporting Goods Co.*,
215 Ill. 2d 146, 828 N.E.2d 1092 (2005) ......................................................................... 8, 9

*Great American Ins. Co. v. Wilmeth*,
2007 WL 2815592 (D.S.C. Sept. 25, 2007) ........................................................................ 7

*Great American Ins. Co. v. Gross*, 468 F.3d 199 (4th Cir. 2006) ............................................. 7, 8

*Illinois State Bar Ass'n Mut. Ins. Co. v. Coregis Ins. Co.,*
355 Ill. App. 3d 156, 171, 821 N.E.2d 706, 718 (1st Dist. 2004) ....................................... 5

*Maryland Cas. Co. v. Peppers,*
64 Ill. 2d 187, 197, 335 N.E.2d 24, 30 (1976) .................................................................... 1

*Minnesota Lawyers Mut. Ins. Co. v. Larsen*,
2007 WL 2688443 (S.D. Ill. Sept. 11, 2007) ...................................................................... 9

*Murphy v. Urso*,
88 Ill. 2d 444, 456-457, 430 N.E.2d 1079, 1084 (1981) ..................................................... 1

*Nautilus Ins. Co. v. Vuk Builders Inc.*,
406 F. Supp. 2d 899 (N.D. Ill. 2005) .................................................................................. 7

*Rossi Distributors, Inc. v. Lavazza Premium Coffees Corp.*,
2002 WL 1611575 (N.D. Ill. July 17, 2002) ....................................................................... 7

*Sverdrup Corp. v. Edwardsville Community Unit School Dist. No. 7,*
125 F.3d 546, 551, n. 5 (7th Cir. 1997) .................................................................................. 2

*Travelers Indemnity Co. v. Bally Total Fitness Holding Corp.,*
448 F. Supp. 2d 976 (N.D. Ill. 2006) .............................................................................. 4, 5, 6

*Those Certain Underwriters at Lloyds v. Professional Underwriters Agency,*
364 Ill. App. 3d 975, 848 N.E.2d 597 (2nd Dist. 2006) ............................................... 7, 8, 9

*Western World Ins. Co. v. Majercak,*
490 F. Supp. 2d 937 (N.D. Ill. 2007) ...................................................................................... 3

*Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995) ...................................................................... 2, 5

137863

*Sverdrup Corp. v. Edwardsville Community Unit School Dist. No. 7,*
125 F.3d 546, 551, n. 5 (7th Cir. 1997) .................................................................................. 2

*Travelers Indemnity Co. v. Bally Total Fitness Holding Corp.,*
448 F. Supp. 2d 976 (N.D. Ill. 2006) .............................................................................. 4, 5, 6

*Those Certain Underwriters at Lloyds v. Professional Underwriters Agency,*
364 Ill. App. 3d 975, 848 N.E.2d 597 (2nd Dist. 2006) ............................................... 7, 8, 9

*Western World Ins. Co. v. Majercak,*
490 F. Supp. 2d 937 (N.D. Ill. 2007) ...................................................................................... 3

*Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995) ...................................................................... 2, 5

137863

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 08-cv-02213 |
| vs. | ) ) | Hon. William T. Hart |
| HANDLER, THAYER & DUGGIN, LLC, an Illinois limited liability company; THOMAS J. HANDLER; STEVEN J. THAYER; JAMES M. DUGGAN; and GREGORY J. BERTSCH, | ) ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS I & II**

The remaining issue before this Court is whether the doctrine espoused by the Illinois Supreme Court in *Murphy v. Urso*, 88 Ill. 2d 444, 456-457, 430 N.E.2d 1079, 1084 (1981) and *Maryland Cas. Co. v. Peppers,* 64 Ill. 2d 187, 197, 335 N.E.2d 24, 30 (1976) applies to preclude the determination, **at this time**, of the rescission and reformation counts in Great American's Amended Complaint. This doctrine provides that a declaratory judgment action cannot proceed against an insured if to do so would determine ultimate issues of fact which would harm the insured in underlying litigation pending against it. This Court previously dismissed Counts III and IV for this reason, and the same doctrine applies to the rescission and reformation counts.

Rather than addressing this issue and discussing how proving its remaining counts will not prejudice HTD in the underlying *MDL* and *MacDonald* litigation, Great American instead chooses to spend the bulk of its argument citing cases which concern the *Colorado River* abstention doctrine. This doctrine is not applicable as HTD is not arguing that a pending state court action concerns the same parties, remedies and will address all issues such that the narrow

1

137863

abstention exception to federal jurisdiction should be invoked (*see* argument infra pp 7-8). The majority of jurisdictions, including the Seventh Circuit, have found that the *Colorado River* abstention doctrine does not apply to rescission/declaratory judgment actions. *Sverdrup Corp. v. Edwardsville Community Unit School Dist. No. 7,* 125 F.3d 546, 551, n. 5 (7th Cir. 1997) citing *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995). The present action is unequivocally such an action. Accordingly, it is unclear why Great American chooses to argue the abstention factors throughout its brief. Moreover, it is only on pages 11 and 13 of its 15 page brief that Great American vaguely turns to the pending issue, but only in a cursory manner by referring to the timing of the inquiry and summarily stating that all factual matters it needs to address will not be resolved in the underlying litigation against HTD (once again apparently referring the abstention doctrine).

      The reason Great American avoids the central issue is simple; it knows its case will be dismissed or stayed if it addresses the issue in detail. Despite its attempt to avoid the issue, there is no dispute that central to both the underlying and current action is HTD's role in the alleged schemes to defraud unsuspecting purchasers in the ClassicStar Program. In order to prove their claims, including fraud and misrepresentation, the underlying plaintiffs will need to establish HTD's intent and, as part of that, facts regarding what HTD did or knew regarding ClassicStar, its breeding program, its tax opinion (the basis and validity), and the extent of the ongoing relationship between HTD and ClassicStar. Similarly, Great American is contending that because of HTD's role and involvement with ClassicStar, HTD knew (or a reasonable attorney with knowledge of these facts would have known), that a claim might be filed against them. This issue necessarily turns on the same facts which are crucial to the underlying plaintiffs. If Great

American is allowed to discover these facts in the present action, HTD will be severely prejudiced and harmed in the underlying multi-million dollar cases pending against it.[1]

As revealed in Great American's original complaint (which was removed from the record due to the many allegations regarding matters at issue in the underlying litigation), Great American clearly intends to mine, and rely upon, facts central to both cases as it must in order to prove its case. This is true because the focus of an inquiry for misrepresentation and rescission under Illinois law and section 154 necessarily depends upon the facts known to the insured at the time of the application, considered under an objective standard. *Western World Ins. Co. v. Majercak*, 490 F. Supp. 2d 937 (N.D. Ill. 2007). As stated in *Western World*:

> "Under Illinois law, '[a] misrepresentation in an application for insurance is a statement of something as a fact which is untrue and affects the risk undertaken by the insurer…whether a misrepresentation occurred is determined objectively, **on the basis of the facts known to the insured at the time of the application**, regardless of the insured's subjective belief as to the truth of the representations." *Id.* at 941. Emphasis added.

In this action, these are the same facts and issues which are central to the *MDL* and *MacDonald* underlying litigation and the law unequivocally states that it is the facts that are known to the insured that the standard turns on. There is not, as Great American argues, without citation to case law, a distinction created depending upon to whom the facts are delivered. Opposition p. 11. What facts HTD knew about ClassicStar, its tax opinion, whether ClassicStar was operating the Program in a manner that would withstand IRS scrutiny, whether HTD intended to mislead its clients to make a profit from their investments in to the Program are all at

---

[1] For instance, in *Raifman* the plaintiffs allege that HTD aided and abetted ClassicStar in their fraudulent activities by marketing and promoting the scheme by purporting to provide tax and other opinions regarding the validity of the Mare Lease Program. The plaintiffs allege that the opinions of HTD provided legitimacy for the overall scheme and that the participation, opinions and presentations of the lawyers were instrumental in the plaintiffs' decision to participate. It is further alleged that HTD gave substantial assistance or encouragement to ClassicStar and others in accomplishing their fraud on the plaintiffs and that HTD knew their representations were false. Amended Complaint, Exhibit "C," pars. 71, 139-149 and Exhibit "E."

issue. HTD would be unequivocally prejudiced and damaged if this matter were allowed to proceed at this time.

In addition, this Court has previously ruled that section 154 rescission actions should not proceed prior to the resolution of underlying actions, particularly where "intent" is an issue in both actions. *Travelers Indemnity Co. v. Bally Total Fitness Holding Corp.*, 448 F. Supp. 2d 976 (N.D. Ill. 2006). The *Bally* Court held that protecting the insured's interests during pending litigation was just as important in a rescission action as it is in a coverage action finding, "the concern that fact-finding in an action for non-coverage might prejudice a defendant in an underlying action is equally applicable where the declaratory judgment case is an action for rescission of an insurance contract under Section 154." *Id.* at 986.

In *Bally*, the insurers sought a declaration that various directors and officers liability insurance policies were rescinded under section 154, or in the alternative, that coverage was excluded for shareholder suits filed against Bally. The dispute began when Bally executed a renewal form for coverage attaching its financial statements and annual reports. After issuance of the policy, Bally announced an error resulting in a restatement of its financial statements with significant non-cash charges of $675 million. *Id*. at 979. Bally's audit committee also issued a statement that at least two of its officers created an aggressive accounting culture within the company and that at least one of them, "made false and misleading statements to the SEC." *Id.* at 980. Shareholder actions were filed against Bally in district courts in Illinois, Oregon and Massachusetts as well as a state court action in Illinois (collectively "Bally matters"). *Id*. 980. Bally tendered defense and indemnity for the Bally matters to its carriers.

As is the case in the present action, the carriers filed a declaratory judgment action seeking rescission and in the alternative, a coverage determination. Bally moved to dismiss or

stay the action until resolution of the underlying suits as the matters at issue in the rescission/coverage action would harm its interests in the underlying Bally matters.  The *Bally* Court agreed and granted the insureds' motion to dismiss finding that to proceed with the request for rescission, based upon the truthfulness of the insureds' application, would harm the interests of the insured in the underlying Bally matters which Illinois law precluded.  The *Bally* Court noted that while there was no case law directly on point, that at least one Illinois Court, *Illinois State Bar Ass'n Mut. Ins. Co. v. Coregis Ins. Co.,* 355 Ill. App. 3d 156, 171, 821 N.E.2d 706, 718 (1st Dist. 2004), noted that such a dismissal is acceptable.  The Court quoted *Coregis*, which is referred to in HTD's Memorandum (and criticized as unimportant by Great American in its Opposition), which provides, "even if Coregis had filed its declaratory judgment action earlier than it did, the circuit court was certainly under no obligation to (and possibly could not) rule until the underlying lawsuit involving the insured . . . was resolved." *Id.* at 986, quoting *Coregis*, 821 N.E.2d at 718-19.

The *Bally* Court dismissed the action after noting that it had discretion to dismiss or stay an action for declaratory judgment depending on "considerations of practicality and wise judicial administration." *Id*. at 985 quoting, *Wilton*, 515 U.S. at 288.  The Court found that both the underlying Bally actions and the action before it concerned the same financial statements and also turned on the issue of the insureds' intent to mislead or misrepresent.

The Court rejected the insurers' argument that while intent may be required to establish Bally's liability in the underlying actions, because Illinois' rescission statute can be based on a materially false statement in the application without proof of intent, it is not an essential element of plaintiffs' claims for rescission.  The Court noted, however, that the statute allows insurers two ways to proceed; by proving either false statement with actual intent to deceive, or false

statement material to the acceptance of the risk or hazard assumed by the company. The Court found that because the insurer's allegations alluded to the fact that they might prove an "intent-to-deceive" theory, and since intent was also at issue in the underlying actions, the insurers' action was dismissed. The Court found:

> "Because we should not determine disputed factual issues that are crucial to the insured's liability in the underlying lawsuit (citation omitted) and we have wide discretion to hear a declaratory judgment action, we dismiss the action with leave to replead upon resolution of the underlying Bally matters." *Id*. at 987.

In addition to the fact that the role of HTD in the alleged ClassicStar schemes is central to both disputes, intent is also at issue in both this action and the underlying actions against HTD. As was true in *Bally,* Great American leaves room to prove either the "intent-to-deceive" or material misrepresentation theories. Amended Complaint pars. 56, 61, 62 and 67. For instance, Great American alleges, in part, "at the time Defendants made the misrepresentations and/or omissions of material fact, Great American did not know the representations were false, but believed them to be true and reasonably relied on them" or "whether [the insured's representative] lied when he completed the Proposal Forms . . . ." Amended Complaint par. 67 and Opposition p. 13, respectively. Certainly, it is not disputed that the underlying litigation against HTD revolves around the intent of HTD and involves issues of fraud and misrepresentation.

Moreover, in a recent May 15, 2008 decision, *Addison Ins. Co. v. Maynard*, 2008 WL 2079143 (D. Colo. May 15, 2008), the court stayed a rescission action by a carrier against a contractor finding the issues in the two actions not independent and separable. The Court noted that in the underlying action one defense to the negligence claim was that the contractor knew of the potential for a land slide yet tried to fix it. However, this could be used by the carrier to

prove the contractor had prior knowledge of the potential for a future slide. *Id*. at 5. Accordingly, the Court refused to allow the rescission action to proceed as to do so might harm the interests of the insured in the litigation pending against it.

Similarly, in *Nautilus Ins. Co. v. Vuk Builders Inc*., 406 F. Supp. 2d 899 (N.D. Ill. 2005), the Court granted the insureds' motion to dismiss the insurer's declaratory judgment action as "causation" was at issue in both actions. The Court found that the parties before it would have to take discovery of the cause of the damage alleged and it would go to an ultimate issue in the underlying case. The Court refused to allow the interests of the insured to be harmed by the insurer's discovery.

Finally, even the *Those Certain Underwriters at Lloyds v. Professional Underwriters Agency Inc.*, 364 Ill. App. 3d 975, 848 N.E.2d 597 (2nd Dist. 2006) Court, cited by Great American on a different point, (*see* footnote 3 herein), noted that the trial court stayed the rescission action as it involved facts relating to the underlying litigation.

In an effort to ignore the crux of the matter, Great American spends a substantial amount of its argument citing to case law addressing matters not at issue such as, *Great American Ins. Co. v. Gross*, 468 F.3d 199 (4th Cir. 2006), citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976); *Rossi Distributors, Inc. v. Lavazza Premium Coffees Corp.*, 2002 WL 1611575 (N.D. Ill. July 17, 2002); *Great American Ins. Co. v. Wilmeth*, 2007 WL 2815592 (D.S.C. Sept. 25, 2007) (applying the abstention doctrine to the rescission count), and *Continental Cas. Co. v. Southern. Co.*, 284 F. Supp. 2d 1118 (N.D. Ill 2003). However, the first four cases discuss the *Colorado River* abstention exception to federal jurisdiction, while the *Continental Casualty* decision addresses general rules regarding whether a "controversy" exists triggering a right to a declaratory judgment action.

As previously noted, the *Colorado River* abstention exception to federal jurisdiction focuses on whether federal courts may abstain from hearing a matter due to a pending state court action between the same parties, on the same issues, seeking the same remedies such that the federal action is not necessary.  The doctrine is applied only in exceptional circumstances, in non-declaratory judgment actions, and requires the federal court to examine the following six factors to determine whether it should abstain:  "(1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights."  *Gross*, 468 F.3d at 207-08.  This line of cases has little to do with whether the insured's interests will be harmed if a declaratory action proceeds in federal court before the underlying action.[2]

Next, the *Continental Casualty* decision, which Great American touts as instructive, addresses only the issue of whether an insured's demand letters trigger the "current controversy" requirement of Article III.  It does not, as argued by Great American, concern a motion to dismiss on ripeness grounds **based upon pending litigation**.  *See,* Opposition p. 5.  In any event, HTD is not arguing that it did not demand defense and indemnity from Great American.  Indeed it did and, in fact, Great American provided a defense to HTD for numerous months before raising the issue of rescission.[3]

---

[2] Moreover, the underlying actions against HTD consist of numerous federal actions which are part of the *MDL* litigation, and only one state court action, the *MacDonald* litigation.  Thus, the abstention doctrine would not apply to the underlying *MDL* litigation in any event.

[3] Great American suggests that it "may be entitled to suspend" its payment of defense costs during the pendency of the action citing *Lloyds*, 364 Ill. App. 3d 975.  Great American is incorrect for at least two reasons.  First, in *General Agents Ins. Co. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146, 828 N.E.2d 1092 (2005), the Illinois Supreme Court

Great American's reliance on *Minnesota Lawyers Mut. Ins. Co. v. Larsen*, 2007 WL 2688443 (S.D. Ill. Sept. 11, 2007) and *Allianz Ins. Co. v. Guidant Corp.*, 355 Ill. App. 3d 721, 839 N.E.2d 113 (2nd Dist. 2005) is also misplaced as the insurers in these actions were not seeking rescission based on Section 154, the underlying litigation did not involve fraud and misrepresentation type counts, the insureds' intent was not at issue, nor was the insured's knowledge of any "incidents, circumstances, errors, omissions or offenses which may result in a claim" the focus. Specifically, the facts in *Larsen* are markedly different as the lawyer was sued only for professional malpractice resulting from his alleged failure to appropriately manage personal injury litigation by, for instance, not naming experts in a timely manner. Accordingly, the *Larsen* court needed only construe the pleadings and orders in the underlying litigation to determine whether the matter was covered. There was no fraud or misrepresentation at issue and thus there was no inquiry into the intent of the attorney.

In *Guidant Corp.*, the issue was only whether the insured manufacturer of medical devices "knew about potential claims arising from the use of the Ancure Device before the insurance policies were sold." *Id*. at 732. Intent was not at issue in the underlying claims. In fact, the *Guidant Corp.* Court acknowledged that if intent was at issue in the underlying action, then a different result would occur. However, since the Corporation acknowledged in a federal plea agreement that it "intentionally misled the FDA . . . " no questions of fact remain regarding this behavior. *Id*. at 733.

---

ruled that an insurer which defends and files a declaratory judgment action is obligated to continue defending until the court finds that it did not owe coverage. In *Lloyds*, however, the insurer filed a declaratory judgment action and did not begin defending the insured in the first instance. Second, there is no matter at issue before this Court requesting such relief.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants Handler, Thayer & Duggan, LLC; Thomas J. Handler; Steven J. Thayer; James M. Duggan; and Gregory J Bertsch, respectfully request that this Court dismiss or in the alternative stay Plaintiffs' Amended Complaint and for any and all other relief requested herein.

Respectfully submitted,

HANDLER, THAYER & DUGGIN, LLC, THOMAS J. HANDLER; STEVEN J. THAYER; JAMES M. DUGGAN; and GREGORY J. BERTSCH


  s/ Katherine Smith Dedrick
One of Defendants' Attorneys

| | |
|---|---|
| Katherine Smith Dedrick (6185314) | Richard Del Giudice (06190103) |
| Childress Duffy Goldblatt, Ltd. | Gozdecki & Del Giudice, LLP |
| 515 N. State St. | 221 North LaSalle Street |
| Suite 2200 | Suite 2200 |
| Chicago, Illinois 60610 | Chicago, Illinois 60601 |
| 312.494.0200 | 312.782.5010 |
| Fax:  312.494.0202 | Fax:  312.782.4324 |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record pursuant to ECF as to Filing Users on this the 24th day of June, 2008.

  s/ Katherine Smith Dedrick

Katherine Smith Dedrick (6185314)
Childress Duffy Goldblatt, Ltd.
515 N. State Street
Suite 2200
Chicago, Illinois 60610
312.494.0200
Fax:  312.494.0202

**SERVICE LIST**

Scott O. Reed
Eric J. Marler
Reardon Golinkin & Reed
111 W. Washington Street
Suite 707
Chicago, Illinois  60602
312.855.3700
Fax:  312.855.1089
sreed@rgrlaw.com
emarler@rgrlaw.com

Richard Del Giudice
David S. Americus
Earl E. Farkas
Gozdecki & Del Giudice, LLP
221 North LaSalle Street
Suite 2200
Chicago, Illinois 60601
312.782.5010
Fax:  312.782.4324
r.delgiudice@gozdel.com
d.americus@gozdel.com
e.farkas@gozdel.com

11

137863